(91 South. 135)

No. 24705.

### STATE v. ESCALADE.

### In re ESCALADE.

(June 30, 1921.  On Rehearing, Jan. 30, 1922.)

*(Syllabus by the Court.)*

Criminal law ⬅208(3)—Fines ⬅11—Statute held to impose fine or, "in lieu thereof," imprisonment, not imprisonment in default of payment of fine.

The language, "shall be liable to a fine of $25.00 or in lieu thereof to imprisonment for a period of not more than twenty days in the parish prison," as used in Act No. 111 of 1890, means fine, or imprisonment, at the discretion of the court, and not imprisonment in default of payment of a fine.

O'Niell, J., dissenting.

Application by Xavier Escalade for writ of certiorari and habeas corpus. Application dismissed.

Loys Charbonnet and Niels F. Hertz, of New Orleans, for relator.

Philip R. Livadais, Dist. Atty., of New Orleans, for the State.

MONROE, C. J.  The defendant (applicant herein) alleges that he was sentenced by the

judge of the Twenty-Ninth district court, parish of Plaquemine, to imprisonment in the parish jail for 20 days, upon his pleading guilty of violating Act 111 of 1890, which makes it an offense for any passenger on a railroad train to insist upon going into a coach or compartment, to which, by race, he does not belong, whereas the penalty, authorized by the statute, is a fine of $25, and imprisonment, in default of payment. That allegation is, however, predicated upon a misunderstanding of the language of the statute, which reads (section 2) "shall be liable to a fine of twenty-five dollars or in lieu thereof to imprisonment for a period of not more than twenty days in the parish prison," which leaves it to the discretion of the judge to impose the one sentence or the other, as, in his opinion, the case may require.

The preliminary orders heretofore issued are therefore revoked, and this application is now dismissed at the cost of the applicant.

O'NIELL, J., dissents and hands down reasons.

O'NIELL, J. (dissenting). The language in which the Act 111 of 1890 fixes the penalty for its violation is peculiar, viz:

"Any passenger insisting on going into a coach or compartment to which by race he does not belong, shall be liable to a fine of twenty-five dollars or in lieu thereof to imprisonment for a period of not more than twenty days in the parish prison." Section 2.

The judge has no discretion with regard to the amount of the fine, to which the guilty party "shall be liable." But the liability to imprisonment, for a term not exceeding 20 days, is only in lieu of the fine of $25. In nearly all of the statutes making certain acts misdemeanors, the judge is given discretion to impose either a fine or imprisonment, or both the fine and imprisonment. In such cases, of course, the judge may impose a sentence of imprisonment, absolutely, without giving the alternative sentence of paying a fine. In some statutes, the judge is given discretion to impose either a fine or imprisonment, without being expressly empowered to impose both the fine and the imprisonment. In such case, it might be held that the judge has the power to impose absolutely either the fine or the imprisonment, without allowing the guilty party the option of paying the fine or suffering the imprisonment. But the Act 111 of 1890 leaves the judge no discretion whatever, except as to the term of imprisonment for which the guilty party shall be liable in lieu of the fine of $25. The principal or primary liability is the fine of $25, the liability to imprisonment being only "in lieu thereof." My opinion is that the meaning of the statute is the same as to say that the guilty party shall be liable to a fine of $25, or, in default of his paying the fine, to imprisonment for a term not exceeding 20 days. For these reasons, I respectfully dissent from the opinion and decree rendered herein.

On Rehearing.

DAWKINS, J. "In lieu of" does not mean the same as "in default of"; the first is taken from the French language, and means "in place of" or "instead of"; while the second is English, and as used in criminal statutes, is equivalent to saying, in case of failure to perform one penalty, another shall attach. In the present case or others, where the words "in lieu of" are used, the discretion is that of the court; whereas, in those where "in default of" appears, the discretion is that of the defendant. 4 Words and Phrases, p. 3475.

For the reasons assigned, our former decree is reinstated and made the final judgment of this court.

O'NIELL, J., adheres to his dissenting opinion.